# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHEET METAL WORKERS' INTERNATIONAL
ASSOCIATION LOCAL 18,

        Plaintiff,

v.                                                  Case No. 08-CV-710

CHAD'S HVAC LLC
d/b/a CHAD'S HEATING AND COOLING,
ROYAL HEATING AND COOLING
and CHAD VAN GOMPEL,

        Defendants.

_____

## ORDER

On August 20, 2008, plaintiff Sheet Metal Workers' International Association, Local 18, filed a complaint to enforce an arbitration award against the named defendants pursuant section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Defendants have filed a stipulation with the court that the case be transferred to the Green Bay Division of the Eastern District of Wisconsin.[1]

In their stipulation, the parties "agree that the events resulting in this action have significant ties to the Fox Valley area," and that judicial efficiency would be served by transferring the case to the Green Bay. (Stipulation, October 22, 2008, Docket #18). Transfers of civil cases between the Green Bay and Milwaukee Divisions of the Eastern District of Wisconsin are governed by the general order issued by Chief Judge Rudolph T. Randa. *See* General Order, Effective Jan. 1, 2005, *http://www.wied.uscourts.gov/dmdocuments/GBCaseAssign.pdf*. Under that order, a party may object to another

---

[1] As an aside, the Eastern District is divided into the Milwaukee Division and Green Bay Division, and not the Northern and Southern Divisions as the parties state.

party's designation as having or not having the greatest nexus with a division or move to transfer the case to another division for the convenience of the parties and witnesses or the interests of justice. *See id.*

Here, according to the complaint, the plaintiff maintains its principal office in Milwaukee. Defendants reside in or have their principal offices in Neenah, Wisconsin. Plaintiff alleges that it was a party to a collective bargaining agreement with defendants. The court takes judicial notice that Neenah is located in Winnebago County, which is within the Green Bay Division of the Eastern District. However, the parties cannot merely stipulate to a transfer to the Green Bay Division. Rather, the parties must demonstrate to the court that the case has the greatest nexus to the Green Bay Division, that Green Bay would be more convenient for the parties and witnesses or that proceeding in Green Bay would better serve the interests of justice. Based on the paucity of information provided in the stipulation, the court is not able to conclude that a transfer to the Green Bay Division is appropriate in this case.

Accordingly,

**IT IS ORDERED** that approval of the stipulation for transfer (Docket #18) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge